# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| NUTRITION DISTRIBUTION, LLC, an Arizona Limited Liability Company | ) ) ) | Case No.: 2:17-cv-02603-GMN-VCF |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| STRONG SUPPLEMENTS LLC, a Delaware Limited Liability Company dba Strong Supplement Shop, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant Strong Supplements LLC's ("Defendant's") Motion to Set Aside Default Judgment, (ECF No. 26).  Plaintiff Nutrition Distribution, LLC, ("Plaintiff") filed a Response, (ECF No. 30), and Defendant filed a Reply, (ECF No. 31).  For the reasons discussed below, Defendant's Motion to Set Aside Default Judgment is **GRANTED.**

## I.      BACKGROUND

This case arises from Defendant's alleged false advertising of a dietary supplement. Plaintiff alleges that Defendant advertised a product containing an illegal ingredient as safe for personal use. (Compl. 2:6–11, ECF No. 1).

Plaintiff served its Summons and Complaint on Amanda Trombetti ("Trombetti") on October 10, 2017. (Summons, ECF No. 5).  Plaintiff's process server submitted, under penalty of perjury, that Trombetti was Defendant's authorized agent designated to receive service of process. (*Id.*).

1   Defendant did not respond to the Summons within thirty-three days after being served,

2   and as a result, Plaintiff filed a Motion for Entry of Clerk's Default, (ECF No. 6).  The Clerk

3   entered default on November 6, 2017, (ECF No. 7).  Plaintiff moved for default judgement on

4   August 1, 2018, (ECF No. 18), which the Court granted on December 17, 2018, (ECF No. 23).

5   Defendant, forty-five days later, filed the present Motion, (ECF No. 26), requesting that the

6   Court set aside the default judgment.  Defendant separately moved for a temporary restraining

7   order, (ECF No. 25), which the Court denied as moot, (ECF No. 28), after staying the entry of

8   its Order Granting Default Judgment, (ECF No. 23).

9   **II.   LEGAL STANDARD**

10   Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry

11   of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R.

12   Civ. P. 55(c).  The Ninth Circuit looks to three factors to determine whether there is good cause

13   to set aside a default judgment: (1) whether the defendant's culpable conduct led to the default;

14   (2) whether the defendant has a meritorious defense; and (3) whether reopening the default

15   judgment would prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants*

16   *Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).  "[T]he party seeking to vacate a default

17   judgment bears the burden of demonstrating that these factors favor vacating the judgment."

18   *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001).  "Judgment by

19   default is a drastic step appropriate only in extreme circumstances; a case should, whenever

20   possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

21   A party may successfully vacate a default judgment if it can demonstrate improper

22   service of process because a federal court cannot exercise personal jurisdiction over a defendant

23   until the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat*

24   *Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  The plaintiff has the burden of

25   demonstrating that it properly executed service. *See R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F.

Supp. 1100, 1102 (D. Nev. 1996).  Actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (internal quotation omitted).  However, a signed return of service provides prima facie evidence of valid service that the moving party can overcome with clear and convincing evidence that service was improper. *S.E.C. v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1163 (9th Cir.2007).  If service of process was insufficient, the court has discretion to dismiss the action or to simply quash service. *See* Fed. R. Civ. P. 4(m); *SHJ v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *R. Griggs Grp. Ltd.*, 920 F. Supp. at 1102.

## III.   **DISCUSSION**

Defendant moves to set aside default judgement on the basis that service was improperly effectuated. (*See* Mot. Set Aside 2:10–7:21, ECF No. 26).  Defendant asserts that not only was Trombetti not its registered agent, (*id.* 6:4–12), but that it never employed anyone named Trombetti and is not aware of who she is, (*id.* 2:10–12, 6:4–12).  To substantiate its argument, Defendant provides screen shots of the California and Delaware Secretary of States' websites that show Business Filings, Inc. is Defendant's registered agent. (Exs. 4–5 to Def.'s Reply, ECF No. 31).

Plaintiff argues that service was proper because they served process "upon a representative so integrated with the organization that he will know what to do with the papers." (Pl.'s Resp. 2:9–17, ECF No. 30) (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).  Plaintiff also argues that its service is prima facie valid because it received a signed return of service. (Pl.'s Resp. 5:3–20).

The Court finds that Defendant has provided clear and convincing evidence that service was improper.  Trombetti was not Defendant's registered agent, nor is there any evidence

suggesting she had any connection to Defendant.  Unlike in *Direct Mail* when the receptionist of a non-party received service for a company who operated in the same building as the receptionist's employer, there is no indicia that Trombetti had any actual or apparent connection to Defendant or would have known how to proceed with the service.  Indeed, Defendant had no notice of the pendency of this action. (Mot. Set Aside 4:16–17). Accordingly, because Plaintiff did not substantially comply with Federal Rule of Civil Procedure 4, Defendant's Motion to Set Aside the Default Judgment is **GRANTED**.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside, (ECF No. 26), is **GRANTED**.

**DATED** this ___27___ day of September, 2019.



_____
Gloria M. Navarro, District Judge
United States District Court